1  PAUL L. REIN, Esq. (SBN 43053)
2  AARON M. CLEFTON, Esq.  (SBN 318680)
   REIN & CLEFTON, Attorneys at Law
   200 Lakeside Drive, Suite A
3  Oakland, CA  94612
   Telephone:  510/832-5001
4  Facsimile:  510/832-4787
   info@reincleftonlaw.com
5
   Attorneys for Plaintiff
6  EDUARDO DERAS-NAVA

7
                 UNITED STATES DISTRICT COURT
8
               NORTHERN DISTRICT OF CALIFORNIA
9

10
   EDUARDO DERAS-NAVA,               CASE NO.
11                                    Civil Rights
          Plaintiff,
12                                    COMPLAINT FOR PRELIMINARY AND
       v.                            PERMANENT INJUNCTIVE RELIEF AND
13                                    DAMAGES: DENIAL OF CIVIL RIGHTS AND
                                     ACCESS TO PUBLIC FACILITIES TO
14 24 HOUR FITNESS USA, INC.; 24      PHYSICALLY DISABLED PERSONS, PER
   HOUR FITNESS WORLDWIDE, INC.;     FEDERAL AND CALIFORNIA STATUTES
15 CRANE COURT, LLC; and NAZARETH    (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3
   ENTERPRISES, INC.,                and 55; and HEALTH & SAFETY CODE §§
16                                    19953 *et seq.)*; INJUNCTIVE RELIEF PER
                                     TITLE III, AMERICANS WITH DISABILITIES
          Defendants.                ACT OF 1990 (including 42 USC §§ 12181 *et*
17                                    *seq.)*
18
                                     DEMAND FOR JURY TRIAL
19

20      Plaintiff EDUARDO DERAS-NAVA complains of Defendants 24 HOUR FITNESS

21 USA, INC.; 24 HOUR FITNESS WORLDWIDE, INC.; CRANE COURT, LLC; and

22 NAZARETH ENTERPRISES, INC., and each of them, and alleges as follows:

23      1.      **INTRODUCTION:**  This case involves barriers to disabled access that prevented

24 and continue to prevent disabled Plaintiff EDUARDO DERAS-NAVA from fully accessing the

25 San Jose fitness center known as 24 Hour Fitness except under discriminatory and physically

26 uncomfortable conditions.  Among other barriers, he is unable to use either the shower or the pool

27 lifts at the facility independently.  He must rely on a friend or staff member to assist him in using

28 the pool lifts.  Staff must uninstall, rotate and install batteries for the lifts based on which lift

                                     1

1    Plaintiff requests to use.  The lifts themselves are also in disrepair, including a dangerous

2    condition on at least one lift where there is no foot rest, and plaintiff's feet drag along the

3    concrete edge of the pool when used.  He must also ask his friend to assist him in the shower,

4    which is nearly unusable because it is so inaccessible.

5         2.    Defendants denied disabled Plaintiff EDUARDO DERAS-NAVA accessible

6    public facilities, including pool lifts and accessible showers at the 24 Hour Fitness ("Fitness

7    Center") located at 1610 Crane Court, San Jose, California, 95112.  Plaintiff EDUARDO

8    DERAS-NAVA is a "person with a disability" or "physically handicapped person" who requires

9    the use of a wheelchair for locomotion and is unable to use portions of public facilities which are

10   not accessible to mobility disabled persons.  On or about March 17, 2019, March 18, 2019, March

11   19, 2019, April 15, 2019, and May 26, 2019, Plaintiff was denied his rights to full and equal

12   access at the Fitness Center.  He was denied is civil rights under both California law and federal

13   law, and continues to have his rights denied, because these facilities were not, and are not now,

14   properly accessible to physically disabled persons, including those who use assistive devices for

15   mobility.

16        3.    Plaintiff seeks injunctive relief to require Defendants to make these facilities

17   accessible to disabled persons and to ensure that any disabled person who attempts to patronize

18   the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of

19   damages for his discriminatory experiences and denial of access and of civil rights, which denial

20   is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff

21   also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under

22   federal and state law.

23        4.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC

24   section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC

25   sections 12101 *et seq.*  Pursuant to pendant jurisdiction, attendant and related causes of action

26   arising from the same facts are also brought under California law, including but not limited to

27   violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52,

28   54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building

1  Code.

2       5.     **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is

3  founded on the fact that the real property which is the subject of this action is located in this

4  district and that Plaintiff's causes of action arose in this district.

5       6.     **INTRADISTRICT:**  This case should be assigned to the San Jose intradistrict as

6  the real property which is the subject of this action is located in this intradistrict and Plaintiff's

7  causes of action arose in this intradistrict.

8       7.     **PARTIES:**  Plaintiff is a qualified physically disabled person who cannot walk

9  due to a T13 spinal cord injury that caused him paraplegia and who requires use of a wheelchair

10  for locomotion.  He has been issued a California disabled parking placard which entitles him to

11  park in a properly configured disabled accessible parking space.

12       8.     Defendants 24 HOUR FITNESS USA, INC.; 24 HOUR FITNESS

13  WORLDWIDE, INC.; CRANE COURT, LLC; and NAZARETH ENTERPRISES, INC., are and

14  were the owners, operators, lessors and/or lessees of the subject business, property and buildings

15  at all times relevant to this Complaint.  Plaintiff is informed and believes that each of the

16  Defendants herein is the agent, employee or representative of each of the other Defendants, and

17  performed all acts and omissions stated herein within the scope of such agency or employment or

18  representative capacity and is responsible in some manner for the acts and omissions of the other

19  Defendants in proximately causing the damages complained of herein.

20       9.     The 24 Hour Fitness is a place of "public accommodation" and "business

21  establishment" subject to the requirements of multiple categories of 42 USC section 12181(7) of

22  the Americans with Disabilities Act of 1990; of California Health & Safety Code sections 19953

23  *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et*

24  *seq*.  On information and belief, the 24 Hour Fitness and its facilities were built after July 1, 1970,

25  and since then have undergone construction and/or "alterations, structural repairs, or additions,"

26  subjecting each such facility to disabled access requirements per Health & Safety Code sections

27  19955-19959 *et seq*., and, as to construction and/or alterations since January 26, 1993, to the

28  disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990.

Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9). Further, Plaintiff's claims relate to discriminatory policies and practices, as well as encountering architectural barriers.

**FIRST CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq.*, California Business & Professions Code §§ 17200 *et seq.*; Civil Code §§ 54 *et seq.*)**

10.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 9, above, and incorporates them herein by reference as if separately repled hereafter.

11.     Plaintiff EDUARDO DERAS-NAVA and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq.* Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA,

4

1   including but not limited to any violation of 42 USC sections 12182 and 12183, is also

2   incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

3       12.     Title 24, California Code of Regulations, formerly known as the California

4   Administrative Code and now also known as the California Building Code, was in effect at the

5   time of each alteration which, on information and belief, occurred at such public facility since

6   January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever

7   each such "alteration, structural repair or addition" was carried out.  On information and belief,

8   Defendants and/or their predecessors in interest carried out new construction and/or alterations,

9   structural repairs, and/or additions to such buildings and facilities during the period Title 24 has

10  been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations,

11  structural repairs, and/or additions which triggered access requirements at all relevant portions of

12  the 24 Hour Fitness, also occurred between July 1, 1970, and December 31, 1981, and required

13  access pursuant to the A.S.A. (American Standards Association) Regulations then in effect,

14  pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*.

15  Further, on information and belief, additions to the building after the initial construction also

16  occurred after January 1, 1972, triggering access requirements per Health and Safety Code section

17  19959, and as to alterations or additions after January 26, 1993, triggering ADA liability and

18  requirements per 42 USC sections 12182 and 12183 of the ADA.

19      13.     **FACTUAL STATEMENT**:  Plaintiff became a paraplegic due to a T13 spinal

20  cord injury in November, 2018.  On March 17, 2019, Plaintiff EDUARDO DERAS-NAVA

21  signed a membership agreement which allows him access to all Active Clubs, Sport Clubs, and

22  Super-Sport Clubs for a two year period.  Plaintiff's enrollment club is the 24 Hour Fitness

23  located at 1610 Crane Court, San Jose, California.  He chose this club as it is the closest fitness

24  center to his home which has a varied assortment of features, including a pool, and water

25  exercises are important for his physical therapy exercises and strengthening his body following

26  his severe spinal injury.  Additionally, Plaintiff uses the fitness center as an alternative place to

27  shower.  Plaintiff's apartment is not currently accessible in some respects, including his shower,

28  as he moved there well before he became disabled.

5

14.     On March 17, 2019, Plaintiff decided to explore the facility by working out in one of the Fitness Center's three pools.  Upon entering the Fitness Center, Plaintiff rolled up to the front desk to hand his membership card to the employee working there.  However, communication with the front desk employee this was difficult for Plaintiff because the front desk is not an accessible height.  Although, there may be a lowered section at the back of the front desk, Plaintiff could not see it from the entrance of the club, and the employee did not direct him there or offer to serve Plaintiff at a lowered section so that they would be able to converse with ease.

15.     Plaintiff proceeded to the locker room to change into his swimwear so that he could enter the pool.  When Plaintiff attempted to use the pool lift he found it inoperable, so Plaintiff's friend found an employee of the Fitness Center and asked how Plaintiff could enter the pool.  The employee informed Plaintiff and his friend that there might be an issue with the battery of the pool lift he was trying to use, and offered to check it for Plaintiff.  The employee ended up exchanging the battery of the pool lift Plaintiff needed to use with the battery for another pool lift.  On information and belief, the Fitness Center keeps only one charged pool lift battery and rotates it among its three pools upon request rather than having a dedicated, fully charged battery for each pool lift.

16.     After the lift was finally operable, Plaintiff's friend had to assist him in operating the lift due to the lack of foot rests on the lift and the location of the controls.  It was not self-operable.  Plaintiff's feet partially dragged on the ground while his friend operated the lift which lowered him into the pool.  Plaintiff was worried that he could injure his feet and legs without realizing it due to the lack of sensation in his lower body.

17.     Per both the ADA Accessibility Guidelines (ADAAG) of 2002 section 15.8.5.6 and the current 2010 ADA Standards for Accessible Design (ADAS) section 1009.2 regarding pool lifts, "footrests shall be provided and shall move with the seat."  Further, per ADAAG section 15.8.5.7 and ADAS 1009.2.7, "the lift shall be capable of unassisted operation from the deck and water levels.  Controls and operating mechanisms shall be unobstructed with the lift is in use…"

18.     Once in the pool, Plaintiff was able to work out, but he encountered the same difficulty with the foot rests when he exited the pool.  He was again unable to independently operate the pool lift.

19.     After his workout, Plaintiff headed to the men's locker room to shower.  He was looking forward to having access to a fully accessible shower since the one in his apartment was not accessible and did not allow him to bathe independently.  Unfortunately to Plaintiff's extreme disappointment, the shower in the men's locker room of the Fitness Center's was not fully accessible, and Plaintiff had to ask his friend to assist him in showering.

20.      Plaintiff was able to roll up to the shower and transfer from his wheelchair to the bench inside the shower.  However, once he had done so, Plaintiff realized that the bench was positioned on a slant such that he feared he might fall off if someone did not assist him, so he asked his friend to keep him from falling off while he showered.  Once Plaintiff began showering, it was clear the he could need further assistance from his friend as the soap dispenser was outside of his reach, there was no handheld shower control, and the shower head was not mounted at an accessible height.  He needed his friend to hand him some soap and to move the shower head around so that he could thoroughly rinse himself off.  Plaintiff left the gym feeling somewhat disheartened by his inability to use access the pool and shower independently, but he was still determined to use gym membership as much as possible to aid in his health and recovery from his injury.

21.     On March 18, 2019, Plaintiff and his friend returned to the gym to use the pool and showers again.  After encountering the same barriers as he had the previous day, Plaintiff decided to complain to one of the Fitness Center's employee's about the barriers to access.  After voicing his concerns, Plaintiff felt heartened that the Fitness Center might remove the barriers to access.  However, each time he returned to the Fitness Center on March 19th, April 15th, and May 26th, he found the conditions to be identical.

22.     Plaintiff signed a two-year membership agreement with 24 Hour Fitness, and this particular club, located at 1610 Crane Court, San Jose, is the most conveniently located club for him which has a pool.  Therefore, Plaintiff continues to use the pool and shower despite their

1    inaccessibility in an effort to further his recovery from his November 2018 spinal cord injury,

2    despite the difficulty in doing so. He is deterred from going as often as he would like because of

3    the inaccessible nature of the barriers he faces when he goes there.  If the premises were made

4    accessible, and he was no longer deterred, Plaintiff would go to the gym more often.

5           23.    The above referenced barriers to access are listed without prejudice to Plaintiff

6    citing additional barriers to access by an amended complaint after inspection by Plaintiff's access

7    consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.*

8    524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir.

9    2011).  All of these barriers to access render the premises inaccessible to physically disabled

10   persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter

11   when he returns to the premises, including parking facilities.  All facilities must be brought into

12   compliance with all applicable federal and state code requirements, according to proof.

13          24.    Further, each and every violation of the Americans With Disabilities Act of 1990

14   also constitutes a separate and distinct violation of California Civil Code section 54(c), thus

15   independently justifying an award of damages and injunctive relief pursuant to California law,

16   including but not limited to Civil Code sections 54.3 and 55.

17          25.    Further, each and every violation of the Americans With Disabilities Act of 1990

18   also constitutes a separate and distinct violation of California Civil Code section 54.1(d), thus

19   independently justifying an award of damages and injunctive relief pursuant to California law,

20   including but not limited to Civil Code sections 54.3 and 55.

21          26.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and

22   omissions of Defendants as complained of herein which are continuing on a day-to-day basis and

23   which have the effect of wrongfully excluding Plaintiff and other members of the public who are

24   physically disabled, including but not limited to wheelchair users, from full and equal access to

25   these public facilities.  Such acts and omissions are the cause of humiliation and mental and

26   emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and

27   second-class citizen and serve to discriminate against him on the sole basis that he is a person

28   with disabilities who requires the use of a wheelchair for movement in public places.

8

27.    Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities.  Plaintiff continues to use the 24 Hour Fitness and its facilities because exercising in a pool is the best rehabilitation for him at this time, and the facilities are conveniently close to his home.  However, Plaintiff experiences difficulty, discomfort and embarrassment each time he visits the facilities, and he will continue to be discriminated against each and every time he uses the 24 Hour Fitness until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons.  Plaintiff alleges that he will continue to use the facilities once legally required access has been provided.  However, he has been and continues to be deterred from more frequent use of the facilities because of the access problems he faces each time he visits.

28.    The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to those of the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

29.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, California Business & Professions Code sections 17200 *et seq*., and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees,

1  litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code

2  sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter

3  prayed for.

4        30.    **DAMAGES:**  As a result of the denial of full and equal access to the described

5  facilities and due to the acts and omissions of Defendants and each of them in owning, operating,

6  leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a

7  violation of his civil rights, including but not limited to rights under Civil Code sections 54 and

8  54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and

9  emotional personal injuries, all to his damages per Civil Code section 54.3, including general and

10  statutory damages, and treble damages, as hereinafter stated.  Defendants' actions and omissions

11  to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled

12  and unable, because of the architectural and other barriers created and/or maintained by the

13  Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as

14  other persons.  The violations have deterred Plaintiff from returning to attempt to patronize the 24

15  Hour Fitness as often as he would like and will continue to cause him damages each day these

16  barriers to access continue to be present.

17        31.    **TREBLE DAMAGES:**  Plaintiff has been damaged by Defendants' wrongful

18  conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all

19  times herein mentioned, Defendants were fully aware that significant numbers of potential users

20  of their public facilities were and are and will be physically disabled persons, including

21  wheelchair users and other mobility-impaired persons, and would have need of facilities that

22  complied with California Title 24 and ADAAG standards for accessible facilities.  Despite this

23  knowledge, Defendants installed and maintained the physical barriers complained of, and failed

24  to remove these barriers, and have failed to provide properly accessible facilities, including but

25  not limited to those previously noted hereinabove, as required by state and federal law.  On

26  information and belief, Defendants have ignored complaints about the lack of proper disabled

27  access by Plaintiff and by other disabled persons.  Defendants have continued their illegal and

28  discriminatory practices despite actual knowledge that persons with physical mobility disabilities

1    may attempt to patronize the subject fitness center and encounter illegal barriers which deny them

2    full and equal access when they do so.

3         32.    At all times herein mentioned, Defendants knew, or in the exercise of reasonable

4    diligence should have known, that their barriers and practices at the subject facilities violated

5    disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff

6    and upon other physically disabled persons, but Defendants have failed to rectify the violations,

7    and presently continue a course of conduct of maintaining architectural and policy barriers that

8    discriminate against Plaintiff and similarly situated disabled persons.  For the foregoing reasons,

9    Plaintiff alleges that an award of statutory treble damages is appropriate.

10        33.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct,

11   Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

12   statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

13   for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

14   seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

15   provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section

16   19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their

17   facilities accessible to all disabled members of the public, justifying "public interest" attorney

18   fees, litigation expenses and costs pursuant to the provisions of California Code of Civil

19   Procedure section 1021.5 and other applicable law.

20        WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

21

22                    **SECOND CAUSE OF ACTION:**
23   **VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE
     SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS
     INCORPORATED
24             BY CIVIL CODE SECTION 51(f)**

25        34.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the

26   factual allegations contained in Paragraphs 1 through 33 of this Complaint and incorporates them

27   herein as if separately re-pleaded.

28        35.    At all times relevant to this complaint, California Civil Code section 51 has

                                                11

provided that physically disabled persons are free and equal citizens of the state, regardless of

medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, <u>disability, or medical condition</u> are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

36.     California Civil Code section 52 provides that the discrimination by Defendants

against Plaintiff on the basis of his disability constitutes a violation of the general anti-

discrimination provisions of sections 51 and 52.

37.     Each of Defendants' discriminatory acts or omissions constitutes a separate and

distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

38.     Any violation of the Americans with Disabilities Act of 1990 constitutes a

violation of California Civil Code section 51(f), thus independently justifying an award of

damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per

Civil Code section 51(f), "A violation of the right of any individual under the Americans with

Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

39.     The actions and omissions of Defendants as herein alleged constitute a denial of

access to and use of the described public facilities by physically disabled persons within the

meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants'

action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code

sections 51 and 52, and are responsible for statutory, compensatory and treble damages to

Plaintiff, according to proof.

40.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct,

1    Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

2    statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for

3    disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

4    seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

5    provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is

6    intended to require that Defendants make their facilities and policies accessible to all disabled

7    members of the public, justifying "public interest" attorney fees, litigation expenses and costs

8    pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

9    applicable law.

10        WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter

11    stated.

12

13                         **THIRD CAUSE OF ACTION:**
     **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
14                         **42 USC §§ 12101 *et seq***

15        41.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

16    the allegations contained in Paragraphs 1 through 40 of this Complaint and incorporates them

17    herein as if separately re-pleaded.

18        42.    In 1990 the United States Congress made findings that laws were needed to more

19    fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;"

20    that "historically, society has tended to isolate and segregate individuals with disabilities;" that

21    "such forms of discrimination against individuals with disabilities continue to be a serious and

22    pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities

23    are to assure equality of opportunity, full participation, independent living, and economic self-

24    sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary

25    discrimination and prejudice denies people with disabilities the opportunity to compete on an

26    equal basis and to pursue those opportunities for which our free society is justifiably famous..."

27    42 U.S.C. §12101.

28        43.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation

Act and in the Americans with Disabilities Act of 1990.

44.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

45.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "amusement park or other place of recreation" (42 USC § 12181(7)(I)); and any "gymnasium, health spa…or other place of exercise or recreation" (42 USC § 12181(7)(L)).

46.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

14

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

47.     The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

48.     On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which

1    discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff

2    the full and equal enjoyment of the goods, services, facilities, privileges, advantages and

3    accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

4        49.    Defendants' actions continue to deny Plaintiff's rights to full and equal access by

5    deterring Plaintiff from patronizing this fitness center as often as he would like and discriminated

6    and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying

7    to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges,

8    advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

9        50.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,*

10   Plaintiff EDUARDO DERAS-NAVA is entitled to the remedies and procedures set forth in

11   section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being

12   subjected to discrimination on the basis of his disabilities in violation of sections 12182 and

13   12183 of this title.  On information and belief, Defendants have continued to violate the law and

14   deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public

15   accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

16
17   [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an <u>order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities</u> to the extent required by this title.  Where
18   appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title. [Emphasis added.]
19

20       51.    Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil

21   Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to

22   implement the Americans with Disabilities Act of 1990.  Plaintiff EDUARDO DERAS-NAVA is

23   a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected

24   to discrimination on the basis of disability in violation of Title III and who has reasonable

25   grounds for believing he will be subjected to such discrimination each time that he may use the

26   property and premises, or attempt to patronize this fitness center, in light of Defendants' policies

27   and physical premises barriers.

28       WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff EDUARDO DERAS-NAVA prays for judgment and the following specific relief against Defendants:

1.      Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, including rotating the charged pool lift battery upon request rather than maintaining one charged battery for each pool lift at the Fitness Center; and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3.      Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1         4.     Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and

2    costs of this proceeding as provided by law;

3         5.     Award prejudgment interest pursuant to Civil Code section 3291; and

4         6.     Grant such other and further relief as this Court may deem just and proper.

5    Date: June 28, 2019                 REIN & CLEFTON

6

7                                     */s/ Aaron Clefton*
                                   By AARON CLEFTON, Esq.

8                                  Attorney for Plaintiff
                                   EDUARDO DERAS-NAVA

9

10   **JURY DEMAND**

11        Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

12

13   Date: June 28, 2019                 REIN & CLEFTON

14

15                                      */s/ Aaron Clefton*
                                   By AARON CLEFTON, Esq.

16                                 Attorney for Plaintiff
                                   EDUARDO DERAS-NAVA

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES