PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:     510/832-5001
Facsimile:      510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
EDUARDO DERAS-NAVA

JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK, SBN. 083908, mho@jmbm.com
STUART K. TUBIS, SBN 278278, skt@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Defendants
24 HOUR FITNESS USA, INC.;
24 HOUR FITNESS WORLDWIDE, INC.;
and CRANE COURT, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| EDUARDO DERAS-NAVA,<br><br>          Plaintiff,<br><br>     v.<br><br>24 HOUR FITNESS USA, INC.; 24 HOUR FITNESS WORLDWIDE, INC.; and CRANE COURT, LLC<br><br>          Defendants. | Case No. 5:19-03775-BLF<br><u>Civil Rights</u><br><br>**SETTLEMENT AGREEMENT AND [PROPOSED] ORDER FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**<br><br>Action Filed: June 28, 2019 |
| --- | --- |

1.      Plaintiff EDUARDO DERAS-NAVA filed a Complaint in this action on June 28, 2019, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants

1   24 HOUR FITNESS USA, INC.; 24 HOUR FITNESS WORLDWIDE, INC.; and CRANE

2   COURT, LLC.  Plaintiff has alleged that Defendants violated Title III of the ADA; Sections

3   51, 52, 54, 54.1, 54.3 and 55, of the California Civil Code; and Health and Safety Code §§

4   19953 *et. seq.* by failing to provide full and equal access to users of the 24 Hour Fitness

5   located at 1610 Crane Court, San Jose, California (the "California Action").

6         2.     On June 15, 2020, 24 HOUR FITNESS USA, INC. and 24 HOUR FITNESS

7   WORLDWIDE, INC. and affiliated debtors, filed voluntary petitions under chapter 11 of the

8   Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, Case

9   No. 20-11568 (KBO) (the "Bankruptcy Court").  Accordingly, the California Action was

10  automatically stayed and this Court entered an order staying the action on or about July 23,

11  2020.  Dkt. No. 40.

12        3.     On December 18, 2020, Plaintiff filed an adversary proceeding in the

13  Bankruptcy Court against Debtors 24 Hour Fitness USA, Inc. and 24 Hour Fitness

14  Worldwide, Inc., Adv. Pro. No. 20-51050-KBO (the "Adversary Proceeding"), seeking,

15  among other relief, a declaratory judgment that Plaintiff's ADA claims were not "claims"

16  under the Bankruptcy Code, and therefore were not discharged by confirmation of the

17  Debtors' plan of reorganization.

18        4.     On December 22, 2020, the Bankruptcy Court entered an Order Confirming

19  First Amended Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc.

20  and its Affiliated Debtors (Bankr. D.I. 1508).  The First Amended Joint Chapter 11 Plan of

21  Reorganization became Effective on December 29, 2020 (Bankr. D.I. 1551).

22        5.     In order to avoid the costs, expense, and uncertainty of protracted litigation on

23  Plaintiff's claims in the California Action and the Adversary Proceeding, 24 Hour Fitness

24  USA, Inc. and 24 Hour Fitness Worldwide, Inc., both reorganized debtors ("24 Hour

25  Fitness"), and Crane Court LLC (together with 24 Hour Fitness, the "Defendants") and

26  Plaintiff (collectively the "Parties") agree to entry of this Settlement Agreement and Order to

1  resolve all claims pending in the California Action and the Adversary Proceeding, without

2  the need for protracted litigation.

3      6.    Conditioned upon entry of this Order, Plaintiff will file a Notice of Dismissal

4  in the Adversary Proceeding and a Notice of Withdrawal of Proofs of Claim in the

5  Bankruptcy Court.

6      7.    Accordingly, the Parties agree to the entry of this Order without trial or further

7  adjudication of any issues of fact or law concerning Plaintiff's claims for relief.

8

9  **JURISDICTION:**

10     8.    The Parties to this Settlement Agreement and Order agree that the Court has

11 jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the

12 Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to

13 supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and

14 54.1.

15     WHEREFORE, the Parties to this Settlement Agreement hereby agree and stipulate to

16 the Court's entry of this Settlement Agreement and Order, which provide as follows:

17

18 **SETTLEMENT OF INJUNCTIVE RELIEF:**

19     9.    This Order shall be a full, complete, and final disposition and settlement of

20 Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject

21 Complaint filed in the California Action and the Adversary Proceeding.

22     10.   24 Hour Fitness and Plaintiff agree and stipulate that the corrective work will

23 be performed in compliance with the standards and specifications for disabled access as set

24 forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act

25 Standards for Accessible Design, unless other standards are specifically agreed to in this

26 Settlement Agreement and Order.

27     a.    **Physical Remedial Measures and Administrative Procedures:** 24

28

Hour Fitness shall perform the remedial work set forth in the report attached to this Settlement Agreement as Exhibit A.

b.  **Timing**:  24 Hour Fitness will complete each item on the schedule stated in this Settlement Agreement by February 1, 2022. Notwithstanding the above, if unforeseen difficulties, including any delays in the permitting process or as a result of the building department, governmental regulations, pandemics, materials availability, restrictions, economic hardship, or any other cause outside of 24 Hour Fitness' exclusive control prevent 24 Hour Fitness from completing any of the agreed-upon injunctive relief, 24 Hour Fitness or its counsel will notify Plaintiff's counsel in writing within seven (7) business days of discovering the delay with certainty, and provide a declaration by a person(s) authorized by 24 Hour Fitness so stating, in which case Plaintiff will approve a six-month extension acknowledged in writing. If, after the additional six-month extension 24 Hour Fitness continues to be unable to substantially complete the remedial measures in this section, 24 Hour Fitness will notify Plaintiff in writing within seven (7) business days, and provide a declaration by a person(s) authorized by 24 Hour Fitness so stating.  24 Hour Fitness and Plaintiff agree to meet and confer in good faith in order to reach an agreement, acknowledged in writing, to further extend the deadline. If 24 Hour Fitness and Plaintiff cannot reach an agreement regarding additional delay within that time period, Plaintiff may seek enforcement by the Court by noticed motion.

c.  24 Hour Fitness or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed or not, will provide a status report to Plaintiff's counsel no later than February 1,

- 4 -

2022.

      d.     If 24 Hour Fitness fails to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by 24 Hour Fitness' failure to keep this agreement.  If the 24 Hour Fitness and Plaintiff disagree upon the amount of fees requested, they agree to participate in a Magistrate Judge-conducted Settlement Conference for the purposes of resolving the disputed fees pursuant to ADR Local Rules.  If the Settlement Conference fails to resolve the fee dispute, Plaintiff may seek an order by way of noticed motion directing the 24 Hour Fitness to pay Plaintiff's reasonably incurred fees.

11.     Within three (3) business days of entry of this Order, Plaintiff shall file a Notice of Dismissal with prejudice in the Adversary Proceeding and a Notice of Withdrawal of Proofs of Claim Nos. 17054 and 16715 in the Bankruptcy Court.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

12.     This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for monetary relief that have arisen out of the subject Complaint filed in the California Action and the Adversary Proceeding.

13.     24 Hour Fitness agrees to pay Plaintiff a total of $58,000 for Plaintiff's damages, attorney fees, litigation expenses, and costs in full settlement of the California Action, and the Adversary Proceeding, and all other claims Plaintiff may have based on the facts alleged in those matters.  The payment shall be made by wire to Plaintiff's counsel's Union Bank IOLTA trust account office by close of business on May 15, 2021.  Wiring instructions to be provided separately by Plaintiff's counsel.

- 5 -

**ENTIRE SETTLEMENT AGREEMENT AND ORDER:**

14.    This Settlement Agreement and Order constitute the entire agreement between the signing Parties on the matters of injunctive and monetary relief and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Settlement Agreement and Order, shall be enforceable regarding the matters of injunctive and monetary relief described herein.

**SETTLEMENT AGREEMENT AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

15.    This Settlement Agreement and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest.  Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Settlement Agreement and Order during the period of the Court's jurisdiction of this Settlement Agreement and Order.

16.    Except for all obligations required in this Settlement Agreement and Order each of the Parties to this Settlement Agreement and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, affiliates, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from any and all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, as of the date hereof, including any claims that in any way arise out of, in whole or in part, or are in any way connected with any act or omission occurring prior to the date hereof.

17.    Plaintiff, and those acting on Plaintiff's behalf (including all officers, directors, shareholders, affiliates, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives), agree not to file lawsuits, administrative complaints, or other governmental claims against Defendants for any claims, as alleged in, or which could have been alleged

1  within the California Action or the Adversary Proceeding.  Any lawsuit, administrative or

2  governmental complaint that violates this section shall constitute a breach of this Settlement

3  Agreement and Order, entitling Defendants to all relief available under the law.

4

5  **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

6         18.    Each of the Parties to this Settlement Agreement and Order understands and

7  agrees that there is a risk and possibility that, subsequent to the execution of this Settlement

8  Agreement and Order, any or all of them will incur, suffer, or experience some further loss or

9  damage with respect to the California Action and the Adversary Proceeding that is unknown

10  or unanticipated at the time this Settlement Agreement and Order is signed. Except for all

11  obligations required in this Settlement Agreement and Order, the Parties intend that this

12  Settlement Agreement and Order apply to all such further loss with respect to the California

13  Action or Adversary Proceeding, except those caused by the Parties subsequent to the

14  execution of this Settlement Agreement and Order. Therefore, except for all obligations

15  required in this Settlement Agreement and Order, this Settlement Agreement and Order shall

16  apply to and cover any and all claims, demands, actions, and causes of action by the Parties

17  to this Settlement Agreement with respect to the California Action and the Adversary

18  Proceeding, whether the same are known, unknown, or hereafter discovered or ascertained,

19  and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.

20  Section 1542 provides as follows:

21         **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**
   **THAT THE CREDITOR OR RELEASING PARTY DOES NOT**
22  **KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT**
   **THE TIME OF EXECUTING THE RELEASE AND THAT, IF**
23  **KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY**
   **AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**
24  **OR RELEASED PARTY.**

25         19.    Except for all obligations required in this Settlement Agreement and Order each

26  of the Parties to this Settlement Agreement and Order, on behalf of each, their respective agents,

27  representatives, predecessors, successors, heirs, partners, and assigns, releases and forever

28
                                    - 7 -

discharges each other Party and all officers, directors, shareholders, affiliates, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the California Action and the Adversary Proceeding.

**TERM OF THE SETTLEMENT AGREEMENT AND ORDER:**

20.    The Court retains jurisdiction over this Settlement Agreement and Order until January 1, 2023 to ensure completion of the remedial work set forth in the report attached to this Settlement Agreement and Order as Exhibit A.

**SEVERABILITY:**

21.    If any term of this Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

22.    Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Settlement Agreement and Order. This Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.
SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END
OF THE DOCUMENT.**

- 8 -

1    Dated: _____5/3/2021_____, 2021      PLAINTIFF EDUARDO DERAS-NAVA

2

3                                _____        _____
                                 EDUARDO DERAS-NAVA

4

5    Dated: _____, 2021      24 HOUR FITNESS USA, NNE. "cu'c'tuweeguuqt'kp"
                                 interest to 24 HOUR FITNESS USA, INC.

6                                  By: _____

7                                  Print name:_____
                                 Title: _____

8

9    Dated: _____, 2021      24 HOUR FITNESS WUC. "NNE. "cu'c'tuweeguuqt'kp"
                                 in interest to 24 HOUR FITNESS WORLDWIDE,
                                 INC.

10                                By: _____

11                                 Print name:_____
                                Title: _____

12

13    Dated: _____, 2021      CRANE COURT, LLC

14

15                                 By: _____
                                Print name:_____

16                                 Title: _____

17    Approved as to form:

18    Dated: __5/4____, 2021      REIN & CLEFTON

19

20                                 _____

21                                 By: AARON M. CLEFTON, ESQ.
                                Attorneys for Plaintiff

22                                 EDUARDO DERAS-NAVA

23    Dated: _____, 2021      JEFFER MANGELS BUTLER & MITCHELL LLP

24

25                                 _____
                                By: MARTIN ORLICK, ESQ.

26                                 Attorneys for Defendants
                                24 HOUR FITNESS USA, INC.; 24 HOUR

27                                 FITNESS WORLDWIDE, INC.; and CRANE
                                COURT, LLC

28

1  Dated: _____, 2021          PLAINTIFF EDUARDO DERAS-NAVA

2

3                                     _____
                                      EDUARDO DERAS-NAVA
4

5  Dated: __May 7_____, 2021         24 HOUR FITNESS USA, LLC, as successor in
                                      interest to 24 HOUR FITNESS USA, INC.
6
                                      By: _____
7                                     Print name:__Fenn P Hall_____
                                      Title: __CDO_____
8

9  Dated: __May 7_____, 2021         24 HOUR FITNESS USA, LLC, as successor in
                                      interest to 24 HOUR FITNESS WORLDWIDE,
10                                     INC.

11                                     By: _____
                                      Print name:__Fenn P Hall_____
12                                     Title: __CDO_____

13 Dated: _____, 2021          CRANE COURT, LLC

14
                                      By: _____
15                                     Print name:_____
                                      Title: _____
16

17 Approved as to form:

18 Dated: _____, 2021          REIN & CLEFTON

19

20                                     _____
                                      By:  AARON M. CLEFTON, ESQ.
21                                     Attorneys for Plaintiff
                                      EDUARDO DERAS-NAVA
22

23 Dated: _____, 2021          JEFFER MANGELS BUTLER & MITCHELL LLP

24

25                                     _____
                                      By:  MARTIN ORLICK, ESQ.
26                                     Attorneys for Defendants
                                      24 HOUR FITNESS USA, INC.; 24 HOUR
27                                     FITNESS WORLDWIDE, INC.; and CRANE
                                      COURT, LLC
28

- 9 -

1  | Dated: _____, 2021          PLAINTIFF EDUARDO DERAS-NAVA

2

3                                      _____

4                                      EDUARDO DERAS-NAVA

   Dated: _____, 2021          24 HOUR FITNESS USA, INC.
5

6                                      By: _____

7                                      Print name:_____
                                       Title: _____
8
   Dated: _____, 2021          24 HOUR FITNESS WOLDRWIDE, INC.
9

10                                     By: _____

11                                     Print name:_____
                                       Title: _____
12
   Dated: _5/24_____, 2021           CRANE COURT, LLC
13

14                                     By:_____

15                                     Print name: _Mennhr Kardosh_____
                                       Title: _Managing Member_____
16

17  Approved as to form:

18  Dated: _____, 2021          REIN & CLEFTON

19

20                                     _____
                                       By:  AARON M. CLEFTON, ESQ.
21                                     Attorneys for Plaintiff
                                       EDUARDO DERAS-NAVA
22

23  Dated: _5/10_____, 2021         JEFFER MANGELS BUTLER & MITCHELL LLP

24

25                                     _____
                                       By:  MARTIN ORLICK, ESQ.
26                                     Attorneys for Defendants
                                       24 HOUR FITNESS USA, INC.; 24 HOUR
27                                     FITNESS WORLDWIDE, INC.; and CRANE
                                       COURT, LLC
28
                                              - 9 -

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: _____, 2021

_____
Honorable Beth Labson Freeman
U.S. District Court Judge

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
Case No. 5:19-cv-03775-BLF

# EXHIBIT A

## EXHIBIT A - REMEDIATION CHART

*Eduardo Deras-Nava v. 24 Hour Fitness USA, Inc.; 24 Hour Fitness Worldwide, Inc.; and Crane Court, LLC*

Case No.5:19-cv-3775-BLF

| ITEM | ELEMENT | BARRIER | RECOMMENDATION FOR REMEDIATION |
|------|---------|---------|-------------------------------|
| 1 | Curb Ramp Serving First Accessible Parking Space – Slope | The maximum slope of a curb ramp is 8.33%. The slope of the curb ramp is set at 9.7%. | Provide a curb ramp with a maximum slope of 8.33% as required by code. |
| 2 | Accessible Parking – Signage | A sign indicating that cars illegally parked in designated accessible parking spaces are subject to towing, must be provided at the entrances to the parking lot or at each of the accessible parking spaces. The sign indicating that cars illegally parked in accessible parking spaces are subject to towing have not been provided. | Provide signage at accessible parking to code. |
| 3 | Accessible Parking – Signage | A sign indicating a "$250 Fine" is required at the end of each designated accessible parking space. The sign indicating that illegally parking in a designated accessible parking space has a $250 Fine, has not been provided at any of the accessible parking spaces in this lot. | Provide signage at accessible parking to code. |
| 4 | Accessible Parking Spaces – Number of Spaces | There are a total of 437 parking spaces and 6 of those are designated as accessible parking spaces. A parking lot with 437 parking spaces is required to have 9 designated accessible parking spaces but only 6 spaces have been provided. | Provide the correct number of accessible parking spaces to code. The correct number of accessible parking spaces is at least, but with no requirement to exceed, 9 accessible spaces. |
| 5 | Accessible Parking – Space Number One | A maximum slope of 2% in any direction is permitted in an unloading zone. The unloading zone for this "Van Accessible" parking space has a slope of 2.9% within it. | Resurface to provide an unloading zone where slope does not exceed 2%. |
| 6 | Accessible Parking – Space Number One | A maximum slope of 2% in any direction is permitted in an accessible parking space. Within the parking space itself the slope is 3.2%. | Resurface to provide an accessible parking space where the slope does not exceed 2%. |
| 7 | Entry Doors – Push Pressure | There is an entry vestibule at the front entrance and the push pressure required to open the inner vestibule doors varies between 5 lbs. and 10 lbs. | Adjust and maintain door closers so that each door requires a maximum of 5 lbs of pressure to operate. |

| ITEM | ELEMENT | BARRIER | RECOMMENDATION FOR REMEDIATION |
|---|---|---|---|
| 8 | Entry Doors – Push Pressure | There is an entry vestibule at the front entrance and the push pressure required to open the outer vestibule doors varies between 8 lbs. and 10 lbs. | Adjust and maintain door closers so that each door requires a maximum of 5 lbs of pressure to operate. |
| 9 | Signage – Clear Floor Space | The Title 24 symbol should be located adjacent to a 30" by 48" clear floor ground space. The existing Title 24 signage is the correct design, however, it has a trash can placed in front of it. Therefore it is not adjacent to a clear floor ground space. | Install signage pursuant to code. Remove static object to provide complaint 30" by 48" of clear floor ground space adjacent to signage. |
| 10 | Sink – Soap Dispenser Height | The soap dispensers at the sink counter are set at a height of 42" AFF. A maximum height of 40" AFF is permitted. | Install soap dispensers at a height of not greater than 40" AFF. |
| 111 | Drinking Fountain on Sink Counter – Push Pressure to Operate | A maximum pressure of 5 pounds is permitted to activate any operable mechanism. At the end sink located at the south end of the counter, there is a drinking fountain with a valve that requires a push pressure of 10 pounds to activate. | Install/maintain drinking fountain which requires a maximum of 5 pounds to operate. |
| 12 | Accessible Stall – Entry Door | The entry door to an accessible stall is required to open in the out direction. The door to the accessible stall opens into the stall. | Provide an entry door to the accessible stall which opens in the out direction. |
| 13 | Accessible Stall – Turn Around Space | A compliant 60" turn around space is required within the space in front of the toilet is required. Since the door swings into the accessible stall there is no room to install a compliant turn around space within the space. | Provide a complaint 60" turn around space within the accessible stall. |
| 14 | Accessible Stall - Size | On the entry door side of the stall, the distance between the wall behind the toilet and the strike edge of the door is 50". 56" minimum is required. | Provide an accessible toilet stall where the distance between the wall behind the toilet and the strike edge of the door is at least 56". |
| 15 | Accessible Stall - Door | The accessible stall door does not have a self-closer on it as required by code. | Provide an accessible toilet stall door with a self-closer. |
| 16 | Accessible Stall – Clear floor Space | A 32" wide clear floor space is required beside the toilet. There is a trash can set in the clear floor space beside the toilet a distance of 18" from the side of the toilet. | Provide a 32" wide clear floor space beside the toilet in the accessible stall. |
| 17 | Shower Controls | The water control valve requires grasping, pinching and twisting of the wrist to activate. Operable mechanisms cannot require grasping, pinching or twisting of the wrist to activate. | Provide water control valves in the accessible shower which do not require grasping, pinching and twisting. |

2

| ITEM | ELEMENT | BARRIER | RECOMMENDATION FOR REMEDIATION |
|------|---------|---------|-------------------------------|
| 18 | Soap Dispenser – Reach Range | The maximum reach between the shower bench and the soap dispenser is 10". The soap dispenser is set 26" from the face of the bench. | Relocate the soap dispenser so that it is located a maximum of 10" of the shower bench. |
| 19 | Soap Dispenser – Height | The closest soap dispenser is set at a height of 49" AFF. The soap dispenser is required to be set between 38" and 48" AFF. | Relocate the soap dispenser so that it is set at a height between 38" and 48" AFF. |
| 20 | Remaining Dispensers – Reach Range and Height | The remaining dispensers in the accessible shower stall are set further than the 26" from the face of the shower bench and are set at a height of approximately 49" AFF. | Relocate all dispensers so that they are located a maximum of 10" of the shower bench and set at a height between 38" and 48" AFF. |
| 21 | Swim Suit Dryer – Height | The top Suit Mate requires the user to reach across the top and into a basket to use the device and the top is set at a height of 40" AFF. The maximum height of a reach across an obstruction is 34" AFF. | Replace existing dryer with "The Swimsuit Dryer" model available here https://www.swimsuitdryer.com/ and relocate it so that it is set at a maximum height of 34" AFF. |
| 22 | Swim Suit Dryer – Operational Push Pressure | The push pressure required to activate the spin cycle is 22 lbs. of force. A maximum pressure of 5 pounds is permitted to activate any operable mechanism. | Replace existing dryer with "The Swimsuit Dryer" model available here https://www.swimsuitdryer.com/ and relocate it so that it is set at a maximum height of 34" AFF. |
| 23 | Telephone - Height | The highest operable mechanism for the telephone in the swimming pool area is 50" AFF. The maximum height of an operable mechanism is 48" AFF. | Relocate the telephone so that the height of the operable mechanism is a maximum of 48" AFF. |
| 24 | Telephone – Opening Force of Case Covering Telephone | The force required to open the box that the phone is set in is approximately 7.5 lbs. A maximum pressure of 5 pounds is permitted to open this phone box. | Provide a case for the telephone which requires a maximum of 5 lbs of pressure to open. |
| 25 | Lifesaving Hook | The lifesaving hook is set at a height of 52" AFF. The maximum height of any mechanism is 48" AFF. | Relocate the lifesaving hook so that it is set at a maximum height of 48" AFF. |
| 26 | Strike Edge Clearance | The strike edge of the Jacuzzi Room is 7" between the trash can and the strike edge of the door. A minimum strike edge clearance is 18". | Provide a sufficient strike edge clearance at the entry door to the Jacuzzi room. |
| 27 | Bench Height | The bench in the Jacuzzi Room is set at a height of 20" AFF. The height of this bench is required to be set between 17" and 19" AFF. | Provide an accessible bench in the Jacuzzi room which is set at height between 17" and 19" AFF. |

3

| ITEM | ELEMENT | BARRIER | RECOMMENDATION FOR REMEDIATION |
|---|---|---|---|
| 28 | Jacuzzi Controls | The on off control for the Jacuzzi requires grasping, pinching and twisting of the wrist. Operable mechanisms cannot require grasping, pinching or twisting of the wrist to activate. | Provide Jacuzzi controls which do not require grasping, pinching and twisting of the wrist. |
| 29 | Paper Towel Dispensers - Height | The maximum height of any mechanism is 48" AFF. There are at least two paper towel dispensers in the exercise room which are set at a height above 48" AFF, measured at 58" AFF and 56" AFF. | Relocate paper towel dispensers throughout the exercise room so that they are set at a maximum height of 48" AFF. |
| 30 | Hand Sanitizer Dispensers - Height | The maximum height of any mechanism is 48" AFF. There are at least two hand sanitizer dispensers in the exercise room which are set at a height above 48" AFF, measured at 58" AFF and 56" AFF. | Relocate hand sanitizer dispensers throughout the exercise room so that they are set at a maximum height of 48" AFF. |
| 31 | Hand Sanitizer Dispenser – Clear Floor Space | Operable mechanisms or objects are required to be adjacent to a 30" by 48" clear floor space. There is an 18" trash can located in front of the hand sanitizer dispenser, so it is not adjacent to a 30" by 48" clear floor space. | Remove static object to provide a 30" by 48" clear floor space in front of the hand sanitizer dispenser. |
| 32 | Pool Lift Batteries | Defendants have a policy of allowing their pool lift batteries to run down without recharging them. | Defendants shall maintain all pool lifts which allow disabled patrons to access their swimming pools. Defendants agree to keep a spare pool lift battery which will be kept charged and rotated in when other pool lift batteries need to be recharged. Defendants agree that an employee will perform regular checks of all the pool lifts to ensure that the batteries are charged and that each pool lift is operational. Should Defendants learn that one of the pool lifts is inoperable they shall change the battery with the spare and charge the battery depleted promptly. Should Defendants learn that one of the pool lifts is inoperable despite having a fully charged battery, Defendants shall send out a work order within 24 hours of discovering the pool lift is inoperable and fix it within a reasonable time. |

4

| ITEM | ELEMENT | BARRIER | RECOMMENDATION FOR REMEDIATION |
|---|---|---|---|
| 33 | Training | Defendants' employees have not been properly trained to accommodate disabled persons. | All staff, including managers, will be trained to offer reasonable accommodations for disabled persons, including affirmatively inquiring with disabled patrons as to whether they may need any reasonable accommodations. Defendants agree to make reasonable accommodations in their policies and practices when interacting with disabled patrons. |
| 34 | Maintenance | N/A | Defendant 24 Hour Fitness USA, Inc. will maintain a policy of providing accessible features for pool lifts, including ensuring that foot rests remain on all pool lifts and that charged batteries are installed. |